UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL PEREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants. | Case No. 11-cv-02134-JST<br><br>**ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE** |

On April 22, 2013, the Court issued an order to show cause why counsel for Plaintiff Perez, William Reustle and Donald Mah, should not be sanctioned for failure to comply with the Court's orders, the Federal Rules of Civil Procedure, and the local rules of this district. ECF No. 52. The Court ordered counsel to file a response to this order by May 1, 2013, to serve a copy of the order on Perez, and to file a certificate of service no later than April 29, 2013. Id. Counsel did not comply with the April 22 order in any respect.

The Court held a case management conference on June 27, 2013, during which it addressed counsel's failure to comply with the April 22 order. Mah appeared on behalf of Perez; Reustle did not appear. After the conference, on June 28, 2013, the Court issued an order in which (1) it required Mah to file a notice of appearance in accordance with Civil Local Rule 5-1(c) by June 28, 2013; (2) it required counsel for Perez to serve a copy of the Court's April 22 order and a certificate of service no later than July 5, 2013; and (3) it declined to impose sanctions on either Mah or Reustle, finding that sanctions were unwarranted in light of Mah's statements at the conference.

/ / /

As of the date of this order, Mah has not filed a notice of appearance, and neither Mah nor Reustle has filed a certificate of service showing that counsel have served the Court's April 22 order on Perez. Accordingly, the case management conference scheduled for September 18, 2013, is VACATED. Mah and Reustle are ordered to show cause by October 4, 2013, in writing, why they should not be sanctioned for failure to comply with the Court's June 28 order. See Miranda v. S. Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir. 1983) (discussing the types of sanctions that a district court may impose on a noncomplying attorney); see also Civil L.R. 1-4 ("Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction."); Civil L.R. 11-6 (discussing the authority of a district judge to refer an attorney who has engaged in unprofessional conduct to the Court's Standing Committee on Professional Conduct or to the Chief District Judge). A case management conference will be held on October 16, 2013.

Dated: September 16, 2013

_____
JON S. TIGAR
United States District Judge