UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | Case No. 11-cv-02134-JST<br><br>**ORDER REFERRING MATTER TO THE STANDING COMMITTEE ON PROFESSIONAL CONDUCT** |

　　On April 22, 2013, the Court issued an order to show cause why attorneys William Reustle and Donald Mah, counsel for Plaintiff Perez, should not be sanctioned for failure to comply with the Court's orders, the Federal Rules of Civil Procedure, and the local rules of this district. ECF No. 52. Specifically, the Court found that counsel for Perez (1) had failed to appear at the case management conference held on April 17, 2013; (2) had failed to participate in the preparation of a joint case management statement as required by this Court's reassignment order; (3) had failed to respond to the letters and telephone calls of counsel for Defendants; and (4) had failed to file a notice of appearance in accordance with Civil Local Rule 5-1(c). The Court also noted that, at the time of the order's filing, Donald Mah was ineligible to practice law, as he had been "ordered inactive" by the State Bar of California.

　　The Court ordered counsel to file a response to the order by May 1, 2013, to serve a copy of the order on Perez, and to file a certificate of service no later than April 29, 2013. Id. Counsel did not comply with the April 22 order in any respect.

　　The Court held a case management conference on June 27, 2013, during which it addressed counsel's failure to comply with the April 22 order. Mah appeared on behalf of Perez; Reustle did

not appear. During the conference, Mah apologized for counsel's past failures and assured the Court that he would comply with all future court orders. After the conference, on June 28, 2013, the Court issued an order in which it (1) required Mah to file a notice of appearance in accordance with Civil Local Rule 5-1(c) by June 28, 2013; (2) required Mah and Reustle to serve a copy of the Court's April 22 order and a certificate of service no later than July 5, 2013; and (3) declined to impose sanctions on either Mah or Reustle, finding that sanctions were unwarranted in light of Mah's statements at the conference. Mah and Reustle failed to comply with the June 28 order: Mah did not file a notice of appearance, and neither Mah nor Reustle filed a certificate of service showing that counsel served the Court's April 22 order on Perez.

On September 16, 2013, the Court issued a second order to show cause why Mah and Reustle should not be sanctioned for failure to comply with a court order. ECF No. 57. The deadline for responding to this order was October 4, 2013. Neither Mah nor Reustle filed a response by that date. Instead, on October 10, 2013, six days after a response was due, Mah filed a declaration stating the he "terminated [his] attorney client relationship with April Perez for her continued failure to cooperate with [his] office in prosecution of the above entitled matter," and that "William Reustle will also not be providing any legal services to Ms. Perez." Mah Decl. ¶ 1, ECF No. 59. Mah further states that neither he nor Reustle are "listed officially as Ms. Perez's attorneys of record. It is unclear to us whether the court will require my office to file a motion to withdraw. If a motion for withdrawal is needed, we would be glad to provide one." Id. ¶¶ 2-3.

The Court draws two conclusions from Mah's declaration.

First, the Court concludes that counsel have never communicated the Court's orders to Perez, as ordered, and that there is no good cause for their failure. In addition to failing to file a certificate of service showing that the Court's orders have been served on Perez, as this Court ordered on at least two occasions, the Court knows that Mah also failed to inform Perez of the continuance of the September 18, 2013, case management conference, as Perez herself appeared that day completely unaware that the conference had been continued. This demonstrates counsel's lack of regard for Perez as well as well as their lack of regard for the Court's orders.

Second, the Court is mystified by Mah's assertion that neither he nor Reustle are Perez's counsel of record. William Reustle is listed as Perez's attorney of record in ECF. And, though

2

Mah is not currently listed as an attorney of record on ECF, both he and Mah have filed documents and appeared in person on Perez's behalf. See, e.g., ECF No. 40 (case management statement filed and signed by Donald Mah); ECF No. 46 (declaration listing William Reustle as Perez's attorney of record); ECF No. 50 (declaration from Defendant's attorney, describing Mah's representations to her in his capacity as Perez's attorney). ECF No. 55 (hearing minutes establishing Mah's appearance). Mah and Reustle are Perez's counsel of record. That Mah has repeatedly failed to file a notice of appearance in accordance with Civil Local Rule 5-1(c) does not affect this conclusion. See Civil L.R. 5-1(c) (providing that "[a] Notice of Appearance must be e-filed wheever counsel joins a case"). As Perez's counsel, neither Mah nor Reustle may withdraw from the case without a court order; here, no such order has been issued. See Civil L.R. 11-5 (withdrawal procedure).

Compounding these failures, neither Mah nor Reustle appeared at the Order to Show Cause Hearing set for this afternoon. Plaintiff Perez appeared, however. Even though Reustle has filed documents on Perez's behalf in which he identifies himself as her lawyer, Perez stated in open court that she has never hired him, never had a substantive conversation with him, and may not even have met him.

The Court concludes that Mah and Reustle's repeated failure to comply with this Court's orders and the local rules of this district constitutes unprofessional conduct that warrants an investigation by the Standing Committee on Professional Conduct, and the Court now orders the Clerk to refer this matter to the Standing Committee for that purpose. See Civil L.R. 11-2.

**IT IS SO ORDERED.**

Dated: October 16, 2013

_____
JON S. TIGAR
United States District Judge